18-2963-pr
Sanchez v. Bonacchi

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

-----------------------------------------------------------------

GERMAN SANCHEZ,

*Plaintiff-Appellee*,

v.                                                    No. 18-2963-pr

ALDO BONACCHI,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT: Brendan Sheehan, Bond, Schoeneck & King PLLC, Syracuse, NY.

FOR APPELLEE: MOLLY C. CASEY, Maguire Cardona, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the summary order previously entered by this Court in Sanchez v. Bonacchi, No. 18-2963-pr, 2019 WL 5485932 (2d Cir. Oct. 25, 2019), is VACATED and replaced with this decision and that the judgment of the District Court is AFFIRMED.

Bonacchi, a sergeant with the Oswego Police Department, appeals from a jury verdict in favor of plaintiff German Sanchez and from the denial of Bonacchi's post-trial motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure. Sanchez sued Bonacchi under 42 U.S.C. § 1983 for civil rights violations based on a manual body cavity search that Bonacchi conducted incident to his arrest of Sanchez on felony drug charges in February 2013. The jury awarded nominal damages ($1.00) to Sanchez. After

the verdict, the District Court denied Bonacchi's Rule 50(b) motion seeking judgment on qualified immunity grounds. On appeal, Bonacchi argues that the District Court erred in denying qualified immunity as a matter of law because it failed to determine whether the right at issue was clearly established in February 2013 and incorrectly relied on testimonial evidence of Bonacchi's subjective beliefs about controlling law instead. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's denial of a Rule 50(b) motion de novo. Stevens v. Rite Aid Corp., 851 F.3d 224, 228 (2d Cir. 2017) (quotation marks omitted). We will affirm the denial of a motion for judgment as a matter of law "unless the evidence, viewed in the light most favorable to the [non-moving] party, is insufficient to permit a reasonable juror to find in h[is] favor." Id. (quotation marks omitted); see also Coffey v. Dobbs Int'l Servs., Inc., 170 F.3d 323, 326 (2d Cir. 1999).

Qualified immunity shields government officials from liability unless "the official violated a statutory or constitutional right" that "was clearly established

at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (quotation marks omitted). A right is clearly established if "[t]he contours of [the] right [are] sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Id. at 741 (quotation marks omitted). The qualified immunity inquiry involves "an objective, not a subjective, test." In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008).

In denying qualified immunity, the District Court held in part that, "because Defendant essentially testified that he knew [conducting a manual cavity search] violated Plaintiff's rights, Defendant is not entitled to qualified immunity." App'x 247. By relying on Bonacchi's subjective intent or belief as to the state of the law to determine whether he was entitled to qualified immunity, the District Court erred. See Al-Kidd, 563 U.S. at 736–37; In re County of Erie, 546 F.3d at 229.

We nonetheless affirm the District Court's denial of judgment as a matter of law because this Court's binding opinion in Sloley v. VanBramer, 945 F.3d 30 (2d Cir. 2019), compels that result. Under Sloley, as of 2013, when the search at

4

issue in this case occurred, it was clearly established that a "visual body cavity search conducted as an incident to a lawful arrest for any offense must be supported by a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity." Sloley, 945 F.3d at 38 (quotation marks omitted). A manual body cavity search, which is more intrusive than a visual search, must at minimum be supported by the same reasonable suspicion as a visual cavity search. See Birchfield v. North Dakota, 136 S. Ct. 2160, 2176 (2016) (stating that whether "a given type of search [is exempt] from the warrant requirement" depends in part on "the degree to which [the search] intrudes upon an individual's privacy" (quotation marks omitted)); see also Schmerber v. California, 384 U.S. 757, 769–70 (1966) (observing that "searches involving intrusions beyond the body's surface" involve heightened "interests in human dignity and privacy"). Because the reasonable suspicion Sloley requires was lacking in this case, Bonacchi was not entitled to qualified immunity, and the District Court did not err in denying his motion for judgment as a matter of law on that ground.[1]

---

[1] Because we conclude that, under Sloley, Bonacchi was not entitled to qualified

5

We have considered Bonacchi's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we VACATE our prior summary order, and the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

immunity, we need not address Sanchez's alternative argument that Bonacchi forfeited that defense by failing to move for summary judgment on that ground prior to trial.